# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| RICARDO GARCIA FLORES, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:26-cv-233 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| PAUL COOPER, *et al.*[1], | ) | Magistrate Judge McCook |
| | ) | |
| *Defendants*. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court are Petitioner Ricardo Garcia Flores' "Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" [Doc. 1] and "Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction" [Doc. 7]. Respondents have provided a response [Docs. 11, 13], to which Petitioner has replied [Doc. 14]. Having reviewed the Parties' filings and the applicable law, the Court finds that a hearing is unnecessary. For the reasons set forth below, the Court grants the petition in part, orders the Government to provide Petitioner with a bond hearing, and denies Petitioner's emergency motion.

## I. BACKGROUND

Ricardo Garcia Flores, a thirty-two-year-old Mexican national, entered the United States without inspection as a child on or about 2003. [Doc. 1 at ¶¶ 18, 26]. He has lived in the United States since that time. [*Id.* at ¶ 26]. Petitioner has two minor children, several relatives, and a fiancé (who is also the mother of his children) who are United States citizens. [*Id.* at ¶ 27]. Petitioner was previously granted Deferred Action for Childhood Arrivals ("DACA") and was issued a work permit, but his DACA expired in 2019. [*Id.* at ¶ 28]. Petitioner has a DUI conviction

---

[1] Current Field Director of ICE's New Orleans Field Office, Christopher S. Bullock, is automatically substituted for named Respondent Scott Ladwig. *See* Fed. R. Civ. P. 25(d).

from several years ago but "has no history suggesting danger." [*Id.* at ¶ 27]. However, this conviction prevented Petitioner from renewing his DACA. [*Id.* at ¶ 28].

On or about May 12, 2026, Plaintiff was stopped by law enforcement in Jefferson County, Tennessee, for speeding and driving while his license is revoked. [*Id.* at ¶¶ 18, 29]. Following his arraignment on these charges, Immigrations and Custom Enforcement ("ICE") was contacted and assumed custody of Petitioner. [*Id.* at ¶¶ 18, 20]. On May 15, 2026, Plaintiff was transferred to the Roger D. Wilson Detention Facility ("RDWDF") in Knox County, Tennessee, [*Id.* at ¶¶ 18, 29, 32] where the Government believes he was served with a warrant for his arrest on immigration violations and a Notice to Appear ("NTA"). [Docs. 11-1, 11-2]. The NTA ordered Petitioner to appear before an immigration judge in Jena, Louisiana, on May 26, 2026, for the commencement of removal proceedings. [Doc. 11-1].

While still detained at the RDWDF, Petitioner filed the instant action, anticipating his detention without the opportunity for bond under the mandatory detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2), and in violation of his process rights. [*Id.* at ¶¶ 61–77]. He also motioned for emergency relief to prevent Respondents from transferring Petitioner outside of this judicial district and/or changing his immediate custodian, "so as to preserve this Court's habeas jurisdiction under the district-of-confinement and immediate-custodian rules recognized in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)." [Doc. 1 at 25–26; *see also* Doc. 7].

On May 18, 2026, Petitioner moved this Court for a temporary restraining order and/or a preliminary injunction, seeking to immediately enjoin Respondents from removing him from the judicial district for the Eastern District of Tennessee and, ultimately, to release him from custody. [Doc. 7].

On May 20, 2026, Petitioner was transferred into ICE's custody [Doc. 13-1 at ¶ 6] and transported to the Etowah County Jail in Gadsden, Alabama. [*Id.* at 1]. As of May 26, 2026, Petitioner was being held in the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana. *See* https://locator.ice.gov/odls/#/results (last visited May 26, 2026).

## II.    ANALYSIS

Federal courts possess the power to issue a writ of habeas corpus to any person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And because the writ of habeas corpus is a constitutional guarantee "available to every individual detained within the United States[,]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2), it is a remedy available to noncitizens who claim to be unlawfully detained, *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (describing habeas corpus as the appropriate remedy to determine the legality of a person's custody); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Two detention provisions of the INA—8 U.S.C. §§ 1225(b)(2) and 1226(a)—are relevant to the question of whether Petitioner's current detention is lawful.[2] Section 1225 provides for the mandatory detention of "applicants for admission[,]" i.e., "[a]n alien present in the United States who has not been admitted[,]" who are apprehended upon arrival lacking any valid entry document, or who are apprehended at any location and unable to show that they have been physically present

---

[2] The Court retains jurisdiction despite Petitioner's transfer to another judicial district, because jurisdiction is based on the petitioner's location at the time of filing. *See Rumsfeld*, 542 U.S. at 434–35. A subsequent transfer after the petition is filed does not divest a court of jurisdiction. *See id.* at 440–41 (discussing *Ex parte Endo*, 323 U.S. 283, 304–06 (1944)); *see also Roman v. Ashcroft*, 340 F.3d 314, 322, 326 (6th Cir. 2003) (concluding that while "the immediate custodian rule generally applies to alien habeas corpus petitioners[,]" exceptions exist that permit an alien to "name a respondent other than his immediate custodian because a petition naming a higher level official, such as the Attorney General, could be adjudicated without interruption in the event of a transfer").

in the United States for more than two years. 8 U.S.C. §§ 1225(a)(1), (b)(1)(A)(i), (iii). Conversely, individuals in standard removal proceedings under § 1226(a) are generally entitled to a bond hearing at the outset of their detention.[3] 8 U.S.C. § 1226(a)(2).

The Government maintains that Petitioner is being detained pursuant to 8 U.S.C. § 1226, as evidenced by the fact that his arrest warrant cites as authority for his arrest section 236 of the INA, which is codified at 8 U.S.C. § 1226 [Doc. 11 p. 4; Doc. 11-2]. Therefore, the Government asks the Court to deny Petitioner relief and dismiss the petition, because he can seek a custody redetermination before an immigration judge under § 1226(a). [*Id.* at 1, 4]. In reply, Petitioner notes that the NTA confirms that he was detained under an unlawful "application for admission" theory, and that it contains procedural irregularities (such as an invalid address for Petitioner) that undermine the Government's narrative. [Doc. 14 at 2–3].

As the Government concedes, the Sixth Circuit recently held that noncitizens like Petitioner already present in the United States are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. *Lopez-Campos v. Raycraft*, No. 25-1965, Nos. 25-1965/1969/1978/1982, — F.4th —, 2026 WL 1283891, at *1, 3, 11, 13 (6th Cir. May 11, 2026). And detention under § 1226(a) without a bond hearing also violates noncitizens' due process rights. *See id.* at *11–13 (noting a liberty interest in being free from detention "is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike").

---

[3] Individuals with specific criminal histories are excepted from the discretionary detention provision of § 1226. *See* 8 U.S.C. § 1226(c)(1–4). The materials submitted do not suggest that Petitioner is subject to detention under § 1226(c).

4

Therefore, Petitioner is entitled to a bond hearing. At that hearing, the Government must bear the burden of proof to justify Petitioner's detention by clear and convincing evidence.[4] *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (requiring government to justify noncitizen's detention by clear and convincing evidence at bond hearing); *Azalyar v. Raycraft*, 814 F. Supp. 3d 926, 935 (S.D. Ohio 2026) (setting forth evidentiary standard); *Soto-Medina v. Lynch*, No. 817 F. Supp. 3d 612, 628–29 (W.D. Mich. 2026) (same).

However, the Court finds that release from custody is not an appropriate remedy for Petitioner's claims. *Demore v. Kim*, 538 U.S. 510, 523 (2003) (providing noncitzens may be detained pending removal proceedings); *Thuraissigiam*, 591 U.S. at 138–40 (holding that a noncitizen never lawfully admitted "has only those rights regarding admission that Congress has provided by statute," and that "the Due Process Clause provides nothing more"). Therefore, the Court will order the Government to provide Petitioner with a bond hearing but declines to order his release.[5]

---

[4] "[T]he circuits are split as to which party bears the burden of proof in § 1226(a) proceedings." *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at *3 (E.D. Mich. May 4, 2026) (noting the Sixth Circuit has not yet reached the issue).

[5] Petitioner argues that the Government has not shown that Petitioner is being detained on a validly issued and served warrant, and his NTA had not yet been filed with the immigration court at the time Petitioner filed his federal habeas petition. [*See* Doc. 14 p. 2, 5–6; Doc. 1-2]. That is, Petitioner argues that there was no lawful predicate for his detention. The Government has not offered any argument or evidence to contradict this assertion.

However, habeas redresses unlawful custody; it does not provide redress for defects in an initial arrest. *See U.S. ex. rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923); *Ekiu v. United States*, 142 U.S. 651, 662 (1892) ("[I]f sufficient ground for [a petitioner's] detention by the government is shown, he is not be discharged for defects in the original arrest or commitment."). The Supreme Court has further agreed that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Thus, "an unlawful warrantless arrest isn't a get-out-of-jail free card if a lawful basis to detain someone is subsequently

**III.    CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Petitioner's federal habeas petition **in part** and **ORDERS** the Government to either release Petitioner or provide Petitioner with an individualized bond hearing consistent with § 1226(a) within ten (10) days where the Government will bear the burden of proof to justify Petitioner's detention by clear and convincing evidence. All other relief requested in the petition is **DENIED**, as is all other relief sought in Petitioner's reply.  Petitioner's emergency motion for relief [Doc. 7] is **DENIED**.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

established." *Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304, at *4 (D. Neb. Feb. 18, 2026).

6